Castel, K

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AMERICAN MERCHANT BANKING GROUP, INC.,

       *Plaintiff*,

    -against-

PALLADIUM EQUITY PARTNERS, LLC,
PALLADIUM CAPITAL MANAGEMENT III, LLC,
PALLADIUM EQUITY PARTNERS III, LP, and
PALLADIUM EQUITY PARTNERS IV, LP,

       *Defendants*.

Case No. 16-cv-7188 (PKC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _/2-6-16_

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

### I.    PURPOSES AND LIMITATIONS

Discovery requests and initial disclosures served in the above-captioned action (the

"Action") may call for the production of trade secrets or other confidential research,

development, or commercial information within the meaning of Fed. R. Civ, P. 26(c) or other

private or competitively sensitive information for which special protection from public

disclosure and from use for any purpose other than prosecuting the Action is warranted.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following

Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

The Parties acknowledge that this Order does not confer blanket protections on all discovery.

### II.    DEFINITIONS

    A.    Action: the action listed in the above caption.

    B.    Party: any party to the Action, including all of its officers, directors, and

        employees.

1

C.   Non-Party: any entity that is not a named party to the Action.

D.   Discovery Material: all items or information, regardless of the medium or manner, generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and depositions exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in the Action, including all such items or information produced prior to entry of this Order.

E.   Confidential Material: any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, non-public personal, information concerning individuals or other entities (including, but not limited to, name, Social Security numbers, home telephone numbers and addresses, tax returns, and medical, investment, credit and banking information).

F.   Highly Confidential Material: any Producing Party may, subject to the provisions of this Order, designate any Discovery Material as "Highly Confidential," if the Producing Party reasonably and in good faith believes the Discovery Material contains (i) trade secrets or other information that the party reasonably believes would result in competitive, commercial or financial harm to the disclosing party or its personnel, clients or customers; or (ii) material that a Producing Party believes in good faith would not otherwise be adequately protected under the

2

procedures set forth herein for Confidential Material.

G.   Producing Party: any Party or Non-Party that produces Discovery Material in the Action.

H.   Receiving Party: any Party or Non-Party that receives Discovery Material from a Producing Party.

I.   Designating Party: any Party or Non-Party that designates Discovery Material it produces as "Confidential" or "Highly Confidential."

J.   Protected Material: any Discovery Material that is designated as "Confidential" or "Highly Confidential"; provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

K.   Outside Counsel: attorneys, along with their paralegals, and other support personnel assisting with the Action, who are not employees of a Party but who are retained to represent or advise a Party in the Action.

L.   In House Legal Personnel: attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing the Action for the Party.

M.   Counsel: Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, and law clerks).

N.   Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to the Action, along with his or her employees and support

3

personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action, and who is not currently an employee of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with the Action.

O.    Professional Vendor: a person or entity that provides litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

## III.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material. However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with the Action.

## IV.   DURATION

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

## V.    DESIGNATING PROTECTED MATERIAL

A.    Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or

4

produced. Designation in conformity with this Order requires:

1.    for information in documentary form, that the Producing Party affix the
      legends "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the
      document.

2.    for deposition transcripts and/or exhibits, that the Designating Party
      designate any portion of the testimony as "CONFIDENTIAL" or
      "HIGHLY CONFIDENTIAL" in writing on or before the later of (i) thirty
      (30) calendar days after receipt of the final transcript, or (ii) the date by
      which any review by the witness and statement of changes to the transcript
      are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the
      testimony that are designated for protection in accordance with the
      preceding sentence shall be covered by the provisions of this Order. The
      entire testimony shall be deemed to have been designated
      "CONFIDENTIAL" until the time within which the transcript may be
      designated has elapsed. If testimony is not designated within the
      prescribed time period, then such testimony shall not be deemed
      "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" except as ordered
      by the Court or as provided in Section V.B (Inadvertent Failures to
      Designate). Notwithstanding the preceding language in this paragraph, in
      the event that (i) a document produced and designated by a Non-Party as
      "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is used as an
      exhibit in a deposition and (ii) counsel for the Non-Party is not present at
      the deposition, the Parties agree that the exhibit remains designated

5

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and that any testimony concerning the exhibit shall be deemed to have been designated in writing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as is required in this paragraph.

3.  for documents produced in native format, that the Producing Party include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the placeholder page.

4.  for reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the report.

B.  <u>Inadvertent Failures to Designate</u>: If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material in conformity with the new designation or re- designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material

and to destroy the incorrectly designated material. If corrected, an inadvertent

failure to designate qualified information or items as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" does not waive the Producing Party's right to

secure protection under this Order for such material. If material is re-designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after the material was

initially produced, the Receiving Party, upon notification of the designation, must

make reasonable efforts to assure that the material is treated in accordance with

the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    Meet and Confer: If a Party elects to challenge a Designating Party's

confidentiality designation, it must do so in good faith and must begin the process

by notifying the Designating Party in writing of its challenge and identifying the

challenged material by production number. The objecting Party and the

Designating Party shall, promptly after service of the written objections, meet and

confer concerning the objection.

B.    Judicial Intervention: If the Parties are not able to resolve a dispute about a

confidentiality designation during the meet and confer process set forth in Section

VI.A, above, the party challenging the designation may seek relief from the Court

in accordance with its rules and procedures. In any judicial proceeding

challenging a confidentiality designation, the burden of persuasion with respect to

the propriety of the confidentiality designation shall remain upon the Designating

Party. Until the Court rules on the dispute, all Parties shall continue to afford the

material in question the level of protection to which it is entitled under the

Designating Party's designation. In the event that the final ruling is that the

7

challenged material's designation should be changed, the Designating Party shall promptly reproduce copies of all materials with their designations removed or changed in accordance with the ruling.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

A.   Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to, the Action.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of actions at issue in the Action.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following the termination of the Action, each Receiving Party must comply with the provisions of Section X, below.

B.   Disclosure of Confidential Material:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL" may be disclosed only to the following persons:

1.   the Receiving Party;

2.   the Receiving Party's Counsel;

3.   former officers, directors, and employees of corporate Parties to the extent that such disclosure is reasonably necessary for the Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

8

4.  Experts and/or Consultants retained by a Party or its Counsel in the Action who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

5.  the Court and its personnel, subject to the requirements of Sections IX and XIII below;

6.  mediators or other third parties who are appointed by the Court or retained by the Parties for settlement purposes and their necessary personnel, and in the case of persons retained by the Parties, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7.  court reports and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for the Action;

8.  the author, addressee(s), or recipient(s) of the document, or any other natural person who received or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata;

9.  deponents or witnesses in the Action, and their Counsel, to the extent such disclosure is reasonably necessary for the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

10. any other person agreed to by the Designating Party in writing; and

11. any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section XV below.

9

C.    Disclosure of Highly Confidential Material: Unless otherwise ordered by the

Court or permitted in writing by the Designating Party, material designated

"HIGHLY CONFIDENTIAL" may be disclosed only to any person permitted to

receive Confidential Material under Section VII.B(2), (4), (5), (6), (7), (8), (10) or

(11).

## VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Order, the Receiving

Party must, as soon as practicable, (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) make reasonable efforts to retrieve all copies of the Protected Material, (c)

inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by

Protective Order" (Exhibit A). The Parties agree that irreparable harm would occur in the event

of unauthorized disclosure of Protected Material. Accordingly, the Parties shall be entitled to

seek equitable relief, including specific performance, in the event of any unauthorized disclosure

of Protected Material.

## IX.    FILING PROTECTED MATERIAL

In the event that counsel for any Party determines to file or submit in writing to the Clerk

of Court's office any Protected Material, or any papers containing or making reference to the

substance of such material or information, the Party shall, in accordance with Rule 5 of the

Court's Individual Practices, first seek leave of the Court to file under seal the documents or

portions thereof containing or making reference to such material or information.

Notwithstanding any other provision, no document may be filed with the Clerk under seal

without a further Order of this Court addressing the specific documents or portions of documents to

be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

## X. FINAL DISPOSITION

A.     Except as provided by law or other regulatory authority or unless otherwise
ordered or agreed in writing by the Producing Party, within sixty (60) calendar
days after the final termination of the Action, including any appeals, each
Receiving Party shall undertake reasonable efforts to destroy or return to the
Producing Party all Protected Material. In either case, the Receiving Party shall
provide the Designating Party with a certification stating that it has taken
reasonable efforts to destroy or return the Confidential or Highly Confidential
Material, except for (1) such information or material that was transmitted
electronically and whose removal or destruction from a Party's electronic systems
would violate applicable federal or state law, rule or regulation, or policies and
procedures reasonably designed to ensure compliance with such law, rule or

11

regulation, and that (2) information saved on backup media in an electronically stored format will be certified to have complied with the 60-day destruction period if the Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information.

B.  If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the 60-day destruction period, and that it must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of this section, then it must, in its certification, (i) state the law or other regulatory authority it believes requires it to retain those documents, and (ii) describe the documents it intends to retain pursuant to that law or regulatory authority. Notwithstanding this provision, as to those materials designated as Confidential Material or Highly Confidential Material that constitute counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in the Action, or filed with this Court, counsel may retain such documents, even if such materials contain Confidential or Highly Confidential Material, if such counsel otherwise comply with this Order with respect to such retained material. Any such archival copies that have been designated Confidential or Highly Confidential remain subject to this Order until the Producing Party agrees otherwise in writing or this Court orders otherwise.

C.  This Order shall survive the termination of the Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of

the Action. No part of the restrictions imposed by this Order may be waived or

terminated, except by written stipulation executed by Outside Counsel of record

for each Designating Party or by an Order of the Court for good cause shown.

## XI.   A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's,

Receiving Party's, or any other person's use of its own documents, nor shall it affect any

Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior

designation with respect to its own Confidential Material or Highly Confidential Material.

## XII.   CLAW-BACK OF PRIVILEGED MATERIAL

A.      In order to claw back Discovery Material protected from disclosure under the

attorney-client privilege, work product doctrine, and/or any other applicable

privilege or immunity from disclosure that was produced inadvertently, the

Producing Party must provide notice in writing to the Receiving Party specifying

the production number of the Discovery Material it wishes to claw back, and the

basis of the claim of attorney-client privilege, work product doctrine, and/or any

other applicable privilege or immunity from disclosure, relied upon in support of

its claw-back request.

B.      Upon notice that a Producing Party wishes to claw back Discovery Material

protected from disclosure under the attorney-client privilege, work product

doctrine, and/or any other applicable privilege or immunity from disclosure that

was produced inadvertently, the Receiving Party shall promptly undertake

reasonable efforts to return to the Producing Party or destroy all summaries or

copies of such documents, testimony, information, and/or things (notwithstanding

13

the final sentence of Section III regarding compilations and abstracts reflecting the protected material referred to in this Section), shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return or destroy such disclosed materials, and shall not use such items for any purpose until further order of the Court. In all events, such return or destruction and certification must occur within ten (10) business days of receipt of the request. Within twenty-one (21) business days of the notification that reasonable efforts have been taken to return or destroy the disclosed materials, the Producing Party shall produce a privilege log with respect to the disclosed materials. The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Alleged privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status.

C.  If during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) is subject to attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected

14

status. If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work-product protected document. Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in Section XII.A. Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential Material. If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by counsel for such Party shall be within thirty (30) calendar days of said determination, and in the case of other non-Party witnesses shall be at the earliest practicable time for the witness and its counsel.

## XIII. USE OF DESIGNATED MATERIAL AT TRIAL

The Parties agree to meet and confer concerning the use of any Protected Material at hearings or at the trial of the Action not fewer than five (5) calendar days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than five (5) calendar days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing or trial. The use of Protected Material at

15

hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

## XIV.   ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to the Action or from relying upon or generally referring to Protected Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

## XV.   LEGAL PROCESS

If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, that seeks disclosure of any information or items designated in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the Receiving Party must notify, to the extent permitted by law, the Designating Party, in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than ten (10) calendar days after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below. The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process to issue. The Receiving Party shall not produce the requested Protected Material unless and until a court

16

of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier. In connection with any production of Confidential or Highly Confidential Material subject to this Order, the Receiving Party shall request confidential treatment for the Confidential or Highly Confidential material.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, such Discovery Material shall continue to be treated in the Action in accordance with any designation as Protected Material.

## XVI. NON-PARTIES

Any Party, in conducting discovery from Non-Parties in connection with the Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her or its rights herein. If a Non-Party provides discovery to any Party in connection with the Action, the provisions of this Order shall apply to such discovery as

17

if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to the Action.

## XVII. NOTICES

All notices required by this Order must be provided in writing to Outside Counsel of record for each Party and, if applicable, in writing to a Non-Party. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Designating Party.

## XVIII. AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.

## XIX. MISCELLANEOUS

A.  Right to Assert Other Objections: By stipulating to the entry of this Order, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

B.  Governing Law: Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

18

STIPULATED AND AGREED this 5ᵗʰ day of December, 2016.

**KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE P.L.**

By:_____

Alan J. Kluger
Todd A. Levine (*admitted pro hac vice*)
201 South Biscayne Boulevard
27th Floor
Miami, Florida 33131
Tel: (305) 379-9000
Fax: (305) 379-3428
Email: akluger@klugerkaplan.com

*Counsel for Plaintiff*

**SIMPSON THACHER & BARTLETT LLP**

By:_____

Joseph M. McLaughlin
Anar Rathod Patel
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
Email: jmclaughlin@stblaw.com
        apatel@stblaw.com

*Counsel for Defendants*

SO ORDERED

Hon. P. Kevin Castel

12-5-16

19

## EXHIBIT A

### Agreement To Be Bound By Protective Order

I have been informed that on _____, 2016, the U.S. District Court for the

Southern District of New York entered a protective order in litigation captioned *American*

*Merchant Banking Group, Inc., v. Palladium Equity Partners, LLC, et al.*, No. 16-cv-07188

(PKC) (S.D.N.Y.) (the "Protective Order"). I have read the Protective Order and agree to abide

by the obligations of the Protective Order as they apply to me. I voluntarily submit to the

jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any

proceeding related to the Protective Order, including my receipt or review of information that

has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

_____
(Signature)

_____
(Printed Named)

_____
(Title or Position)

_____
(Company)

Dated:_____